UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NICHOLAS JAMES NOEL,

      Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

Case No. 25-cv-10679-WHO

**ORDER GRANTING MOTION TO DISMISS**

Re: Dkt. No. 13

Plaintiff Nicholas James Noel filed this action in December 2025 in order to challenge the amount of Social Security benefits to which the Social Security Agency determined he was entitled as a matter of backpay and on an ongoing basis in August 2025. Dkt. No. 1; *see also* Dkt. Nos. 6, 7-3 (explaining Noel is challenging the amount of benefits awarded). Because he has not exhausted his administrative remedies, I will GRANT the Agency's motion to dismiss.

The Agency's award in August came after it initially denied benefits. Noel challenged that decision through the administrative process and, among other things, secured a decision from this court remanding the issue to the Agency. *See Noel v. Kijakazi*, Case No. 22-cv-03898-RMI. On remand, in a decision dated April 24, 2025, the ALJ determined that Noel had been disabled since October 1, 2006. Dkt. No. 7-2.

In August 2025, the Agency determined the level of benefits to which Noel would be entitled for backpay and on an ongoing basis. Dkt. No. 7-3. Noel filed a motion for reconsideration to challenge that determination. *See* Dkt. No. 7-4. His request for reconsideration of the amount of benefits he was awarded in August 2025 is still pending. Dkt. No. 13.

42 U.S.C. § 405(g) permits judicial review of a "final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g). A final decision occurs once a claimant has "taken all necessary administrative steps"-- receiving an initial determination, seeking reconsideration of that decision, requesting and appearing before a hearing before an ALJ, and then seeking Appeals Council review. 20 C.F.R. § 404.900(a)(1)–(5). By regulation, an initial

determination that a claimant is disabled is separate from an initial determination of a claimant's monthly benefit amount. *See* 20 C.F.R. § 404.902(a), (c); *see also Fornes v. Comm'r of Soc. Sec. Admin.*, No. CV-24-03610-PHX-KML, 2025 WL 1532599, at *2 (D. Ariz. May 29, 2025) (reviewing case law suggesting that a claimant's challenge to the amount of benefits awarded after a contested finding of disability "requires a request for reconsideration of the decision, another hearing before an ALJ, and Appeals Council review before a district court case is filed"); *Stewart v. Barnhart*, 402 F. Supp. 2d 355, 363 (D. Mass. 2005) (explaining that because disability determinations and amount of benefit determinations are both considered "initial determinations" under SSA regulations those determination are subject to independent needs to exhaust).

While Noel exhausted the process and, in the end, secured a favorable decision on his *claim of disability*, he must *separately* challenge the amount of benefits awarded by the Agency, (which he has begun to do) and take all the necessary administrative steps described above (which he has not completed) to obtain a final decision of the Commissioner before he seeks judicial review. I cannot entertain his arguments until he has exhausted his administrative remedies.

Noel does not dispute that he has a pending request for the SSA to reconsider the amount of his benefits but argues that this case should not be dismissed. Dkt. No. 14. For the reasons stated above, there is no authority to support his argument. The motion to dismiss is GRANTED.[1] Noel must wait for the Agency to rule on his request for reconsideration and then take the next steps (i.e., request and appear before a hearing before an ALJ and seek Appeals Council review) before filing a case in this court.

This case is dismissed. The Clerk shall close this case.

**IT IS SO ORDERED.**

Dated: February 27, 2026

William H. Orrick
United States District Judge

---

[1] Noel filed a motion to appear by phone. Dkt. No. 15. I typically decide motions related to Social Security benefits on the papers, without oral argument, as I am doing here. His request is denied as moot.

2